## IN RE APPLICATION OF MAURICE E. SCHEINMAN FOR ADMISSION TO THE BAR

Superior Court     Windham County     File #6988½

Present:   Hon. FRANK P. McEVOY, Judge.

Josiah Peck, for Petitioner.

Howard C. Bradford, Harry E. Back, for Bar Association.

### MEMORANDUM FILED JANUARY 12, 1937.

McEVOY, J. Originally a demurrer to the petition was filed. The demurrer was overruled because of the matters contained in Paragraphs 5 and 7 of the petition. Upon the trial much latitude was allowed to the petitioner in the presentation of evidence so that he might have every opportunity to offer evidence tending to prove the truth of these two allegations. The meaning of Paragraph 7 is somewhat obscure. If the petitioner claims that he has a right to know the names of those who make charges against him such claim would not be tenable.

"In a matter of this peculiar nature, it is only by maintaining the privacy of the investigation that the purposes can be effectively attained."

**O'Brien's Petition, 79 Conn. 46, at pages 57, 58.**

In the same case it was also said: "It was in the interest of the public that they should be made in private."

Upon all of the evidence it appears that the Committee of the Windham County Bar made a fair and impartial investigation; that the petitioner was given ample opportunity to appear before the Committee and that he did avail himself

of these opportunities.

It is also found that the Bar of Windham County acted in good faith and without prejudice when it voted not to approve the application of the petitioner.

**In re Paul Tison—No. 49019, Superior Court for Fairfield County.**

In the case just cited the six page Memorandum of Decision filed by Judge Inglis is terse and clear.

The statement in petitioner's brief, at page four, which reads as follows: "With regard to the question of remedy, there are no precedents. But if the Court should find that the Windham County Bar has failed to approve the petitioner's application because of prejudice or because of lack of proper investigation, it will find a remedy," is quite true.

In the Tison case, just cited, the lack of precedent did not deter the Court from doing justice. The cases decided by our Supreme Court leave no room for doubt that the Court may regulate the admission to the bar through the reference of such matters to a Committee, as was done in this case.

In his reply memorandum the petitioner refers to his conduct toward the Committee as consisting of "trifles".

The action of the petitioner after the Committee had refused to recommend him for admission to the Bar emphasized the good judgment of the Committee in its action. One who threatens to inflict financial and political injury upon volunteer committeemen because they do not decide as he thinks they should affirmatively indicates that he would indulge in the same course of conduct toward any tribunal which did not agree with him.

Cases are to be decided upon the preponderance of evidence and not by reason of threats or intimidation.

The respondents have asked for an opportunity to present further evidence. The evidence before the Court is amply sufficient to require that the petition be dismissed.

Judgment may enter accordingly.